# IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF OKLAHOMA

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. CR-24-214-RAW |
| DAVID ALLEN LEE, | |
| Defendant. | |

## **ORDER**

The Defendant is charged in a one-count Indictment with Murder in Indian Country in violation of 18 U.S.C. §§ 1111(a), 1151, and 1153.  Now before the courts is the Government's notice and motion to introduce evidence under Fed. R. Evid. 609 [Docket Nos. 63 and 68], the Defendant's objection thereto [Docket No. 67], and the Government's response to the Defendant's objection [Docket No. 72].  The Government moves to introduce the following eight felony convictions:

(A) Convictions on May 3, 2012 (with judgment and sentence on May 12, 2016 and revocation on June 25, 2018) for:
      (1) eluding/attempting to elude;
      (2) assault with a dangerous weapon;

(B) Conviction on April 6, 2016 (with revocation on June 25, 2018) for:
      (3) DUI;

(C) Convictions on for on June 25, 2018 for:
      (4) assault and battery on a police officer;
      (5) assault and battery on a police officer;

(D) Convictions on January 20, 2023 for:
      (6) possession of a stolen vehicle;
      (7) assault and battery on a police officer; and
      (8) assault and battery on a police officer.

Docket Nos. 68 and 72.

Rule 609 allows impeachment of a witness's character for truthfulness with evidence of a criminal conviction. "[F]or any crime regardless of the punishment, the evidence must be admitted if the court can readily determine that establishing the elements of the crime required proving—or the witness's admitting—a dishonest act or false statement." Fed. R. Evid. 609 (a)(2).

Otherwise, a defendant's crimes punishable by imprisonment of more than one year *must* be admitted if the probative value of the evidence outweighs its prejudicial effect to the defendant. Fed. R. Evid. 609 (a)(1)(B). If more than ten years have passed since the conviction or release from confinement for it, *whichever is later*, the standard is more stringent—the evidence is admissible only if "its probative value, supported by specific facts and circumstances, *substantially* outweighs its prejudicial effect." Fed. R. Evid. 609 (b)(1) (emphasis added). As the Defendant was released from jail on April 22, 2016 and then revoked in 2018 on the May 3, 2012 convictions, all of the crimes here fall under the former less stringent standard.[*]

Again, "[w]hen the defendant is a witness in his own trial, the prosecution may introduce evidence of the defendant's past felony conviction to attack his character for truthfulness 'if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused.'" *United States v. Smalls*, 752 F.3d 1227, 1240 (10th Cir. 2014). "This 'special balancing test' is used because 'the defendant faces a unique risk of prejudice—*i.e.,* the danger that convictions that would be excluded under [Rule 404] will be misused by a jury as

---

[*] https://odcr.com/detail?court=051-&casekey=051-CF++1200263.

propensity evidence despite their introduction solely for impeachment purposes.'" *Id*. (citing Fed. R. Evid. 609 Advisory Committee's Notes (1990 Amendments)).

"The well-settled rule in this circuit is that the permissible scope of cross examination under Rule 609 extends to the essential facts of the convictions, the nature of the crimes, and the punishment." *Id*. (citing *United States v. Commanche*, 577 F.3d 1261, 1270-71 (10th Cir. 2009). "Indeed, the failure to include the names and nature of prior offenses may prejudice the defendant because the jury is left to speculate as to the essential facts of prior convictions." *Id*. (citing *United States v. Burston*, 159 F.3d 1328, 1335 (11th Cir. 1998)).

In determining whether to admit Rule 609 evidence, the court considers: "(1) the impeachment value of the defendant's prior crimes; (2) the dates of the convictions and the defendant's subsequent history; (3) the similarity between the past crime and the charged crime; (4) the importance of the defendant's testimony; and (5) the centrality of the defendant's credibility at trial." *Id*. (citation omitted). "The implicit assumption of Rule 609 is that prior felony convictions have probative value. Their probative value, however, necessarily varies with their nature and number." *Id*. (quoting *Burston*, 159 F.3d at 1335). Ultimately, "the burden is on the government to establish the admissibility of the prior convictions." *United States v. Crittendon*, No. 23-CR-00078-GKF, 2023 WL 2967891, at *2 (N.D. Okla. Apr. 17, 2023) (collecting cases).

The court begins with the Defendant's conviction for possession of a stolen vehicle. At the pretrial conference, the defense argued that the conviction does not include an element of a dishonest act. The court disagrees. The statute provides: "A person not entitled to the possession of a vehicle who receives, possesses, conceals, sells, or disposes of it, knowing the vehicle to be stolen or converted under circumstances constituting a crime . . . ." 47 OKLA. STAT. § 4-103. While the statute does not use the word "dishonest," as the Government argues,

3

it clearly describes a dishonest act.  This conviction will be admitted.  Even if the court were to determine that the conviction did not require the prosecution to establish a dishonest act or false statement, as the defense argues it did not, the conviction is still admissible under Rule 609(a)(1)(B), as discussed below.

Each of the listed crimes has impeachment value – the convictions for possession of a stolen vehicle and eluding/attempting to elude having the most; the DUI conviction and the assault convictions having less.  All of the convictions are from the past ten years, and the Defendant's subsequent criminal history has been ongoing.  None of the crimes are similar to the charged crime.  The assault convictions are crimes of violence, but not similar to murder.  As the Government argues, the Defendant has already given a statement to police, and the Government intends to introduce it.  His testimony is only important if he intends to give a different version at trial.  If he does, his credibility will be a material consideration for the jury.

Having weighed the five factors, the court finds that the probative value of each of the Defendant's convictions outweighs its prejudicial effect.  Accordingly, the Government's notice and motion [Docket Nos. 63 and 68] is granted, and the Defendant's objection thereto [Docket No. 67] is overruled.  Should the Defendant testify, the Government may introduce evidence of his felony convictions.

**IT IS SO ORDERED** this 16th day of May, 2025.

_____
**THE HONORABLE RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**
**EASTERN DISTRICT OF OKLAHOMA**